**J.Y. JORDAN, Appellant,**

v.

**STAFF WATER SUPPLY CORPORATION,
Appellee.**

No. 11–94–188–CV.

Court of Appeals of Texas,
Eastland.

March 28, 1996.

Rehearing Overruled May 9, 1996.

Jim Farrar, Eastland, for appellant.

John R. Cook, Breckenridge, for appellee.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD, Senior Justice.*

OPINION

Austin McCLOUD, Senior Justice (Retired).

The issue is whether the district court or the Texas Natural Resource Conservation Commission has primary jurisdiction, and to what extent, over the alleged causes of action.

J.Y. Jordan sued the Staff Water Supply Corporation (Staff) pursuant to the Texas Non–Profit Corporation Act, TEX.REV.CIV. STAT.ANN. art. 1396–7.05 (Vernon 1980) seeking the appointment of a receiver to conserve the "assets and business" of Staff. The trial court concluded that primary jurisdiction of all matters alleged by Jordan vested in the Texas Natural Resource Conservation Commission (Commission); therefore, the court dismissed Jordan's petition. Jordan appeals. We sever the causes of action and affirm in part and reverse and remand in part.

Jordan is a stockholder/member of Staff which is a nonprofit "water supply corporation" formed under TEX.REV.CIV.STAT. ANN. art. 1434a (Vernon Supp.1996). Section 2(d) of Article 1434a provides:

The Texas Non–Profit Corporation Act (Article 1396–1.01 et seq., Vernon's Texas Civil Statutes) applies to corporations created under this Act to the extent that it does not conflict with this Act.

Article 1396–7.05 provides in part for the appointment of a receiver to rehabilitate a corporation:

A. A receiver may be appointed for the assets and business of a corporation by the district court for the county in which the registered office of the corporation is located, whenever circumstances exist deemed by the court to require the appointment of a receiver to conserve the assets and affairs of the corporation and to avoid damage to parties at interest . . . in the following instances:

(1) In an action by a member when it is established:

(c) That the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent; or

(d) That the corporate assets are being misapplied or wasted.

Jordan alleged that the actions of the directors of Staff were "illegal, oppressive and fraudulent" and that "the assets of defendant are being misapplied, wasted or mismanaged." Jordan supported his allegations with specific instances of misconduct by the directors and persons in control.

Jordan argues that the Commission has no jurisdiction over the alleged acts of misconduct by the directors. A primary jurisdictional issue arose when Jordan specifically alleged:

The directors and control persons aforesaid have failed to discharge their obligation to provide water and water meters to every person living within the areas served by the corporation, *as required by Section 13.250 of the Texas Water Code.*

\* \* \* \* \* \*

The directors and control persons aforesaid have approved *water rate increases* without the benefit of an audit or budget and without having exercised due diligence to ascertain whether such increases were, in fact, necessary. (Emphasis added)

The court in *Gregg v. Delhi–Taylor Oil Corp.*, 162 Tex. 26, 344 S.W.2d 411 (1961), explained the theory of "primary jurisdiction" as follows:

[W]hen the Legislature has delegated the power to an administrative body to regulate a particular industry or business, the courts may not or will not interfere until the board or bureau has had an opportunity to pass upon the matter and has remedied, or attempted to remedy, the situation. Two of the main arguments supporting this theory are: (1) That the commission, board or bureau is staffed with experts trained in the handling of the complex

---

\* *Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting* by assignment.

problems presented, and (2) great benefit is to be derived from a uniform interpretation of laws, rules and regulations by an administrative body whereas different results might be reached under similar fact situations by various courts or juries.

The court in *Foree v. Crown Central Petroleum Corporation*, 431 S.W.2d 312 (Tex.1968), observed that the purpose of the "primary jurisdiction" doctrine "is to assure that the agency will not be by-passed on what is especially committed to it, and because resort to the courts is still open after the agency has acted."

TEX.WATER CODE ANN. § 13.001(a) (Vernon Supp.1996)[1] declares the legislative policy and purpose:

This chapter is adopted to protect the public interest inherent in the rates and services of retail public utilities.

Section 13.001(c) provides:

The purpose of this chapter is to establish a *comprehensive regulatory system* that is adequate to the task of regulating retail public utilities to assure rates, operations, and services that are just and reasonable to the consumers and to the retail public utilities.

Section 13.002(24) states:

"Water supply or sewer service corporation" means a nonprofit, member-owned, member-controlled corporation organized and operating under Chapter 76, Acts of the 43rd Legislature, 1st Called Session, 1933 (Article 1434a, Vernon's Texas Civil Statutes) that provides potable water service or sewer service for compensation.

Section 13.002(19) provides that a "[r]etail public utility" means:

[A]ny person, corporation, public utility, *water supply or sewer service corporation,* municipality, political subdivision or agency operating, maintaining, or controlling in this state facilities for providing potable water service or sewer service, or both, for compensation. (Emphasis added)

■ Jordan alleged that Staff failed to provide water and water meters to all persons living within the area served by Staff. Section 13.250(a) provides:

Except as provided by this section or Section 13.2501 of this code, any retail public utility that possesses or is required to possess a certificate of public convenience and necessity shall serve every consumer within its certified area and *shall render continuous and adequate service within the area or areas.* (Emphasis added)

Section 13.242 requires a water supply corporation to obtain a certificate of convenience and necessity. Accordingly, Staff is required pursuant to Section 13.250 to provide continuous and adequate service within its certified area. The Commission is authorized under Section 13.411 to request the attorney general to bring suit against a retail public utility that fails to comply with the service requirements of Section 13.250.

■ The Commission has appellate jurisdiction over a water supply corporation's rates. Section 13.043(b)(1) provides:

(b) Ratepayers of the following entities may appeal the decision of the governing body of the entity affecting their water, drainage, or sewer rates to the commission:

(1) a nonprofit water supply or sewer service corporation created and operating under Chapter 76, Acts of the 43rd Legislature, 1st Called Session, 1933 (Article 1434a, Vernon's Texas Civil Statutes).

■ The trial court was correct in its determination that the Commission has primary jurisdiction over Jordan's claim that Staff has failed to provide water and water meters to every person living within the area served by Staff. The trial court was also correct in dismissing Jordan's claim relating to Staff's water rate increases in that this claim is also within the primary jurisdiction of the Commission; although, this jurisdiction is appellate and not original. As to Jordan's other claims of misconduct by the directors, we are of the opinion that the trial court properly has jurisdiction over these claims. Therefore, the trial court erred in

---

**1.** All references hereinafter to Section 13 refer to   Section 13 of the Texas Water Code.

not severing the claims and in ordering the entire case dismissed. See *Lake Country Estates, Inc. v. Toman,* 624 S.W.2d 677 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.).

We affirm the trial court as to the dismissal of Jordan's claim relating to the continuous and adequate service required by Section 13.250 and the claim relating to the water rate increases, as the Commission has primary jurisdiction of these claims. We sever and reverse and remand to the trial court for further proceedings all of Jordan's remaining claims against Staff.